NO. 07-07-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 3, 2008

______________________________

RODDY PIPPIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3880; HONORABLE JUANITA PAVLICK, JUDGE
(footnote: 1)

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

Pursuant to a plea bargain, Appellant, Roddy Pippin, was convicted of theft of livestock and sentenced to two years confinement, suspended in favor of two years community supervision.  Appellant filed a notice of appeal from the trial court’s order granting community supervision.  We dismiss for want of jurisdiction.

A notice of appeal is due to be filed with the trial court clerk within thirty days after the day sentence is imposed.  
See
 Tex. R. App. P. 26.2(a)(1).  The deadline may be extended if, within fifteen days, the party files the notice in the trial court and a motion in this Court complying with Rule 10.5(b)(2) of the Texas Rules of Appellate Procedure. 
 See
 Tex. R. App. P. 26.3.  When a notice of appeal is filed within the fifteen-day window
, but no motion for extension of time is filed, this Court lacks jurisdiction to dispose of the appeal in any manner other than by dismissal for want of jurisdiction.  
See
 Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).  
See also
 Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998).  Additionally, we do not have authority to invoke Rule 2 of the Texas Rules of Appellate Procedure in an effort to obtain jurisdiction of the case.  Thus, we cannot create jurisdiction where none exists.  
Slaton
, 981 S.W.2d at 210.  

Appellant was granted community supervision on 
November 8, 2007, making the deadline in which to file his notice of appeal December 10, 2007.
(footnote: 2)  Applying the fifteen-day extension period, Appellant’s deadline was extended to December 27, 2007.
(footnote: 3)  Appellant filed his notice of appeal on December 12, 2007.  Although the notice was filed within the allowable extension period, however, no motion for extension of time was filed in this Court within the extension period.

Consequently, the purported appeal is dismissed for want of jurisdiction.
(footnote: 4)
 Patrick A. Pirtle

      Justice

FOOTNOTES
1:
Sitting by assignment.

2:
The thirtieth day fell on Saturday, December 8, 2007, and was extended to Monday, December 10, 2007.  
See
 Tex. R. App. P. 4.1(a).

3:
The fifteenth day fell on December 25, 2007, a legal holiday; December 26, 2007, was also a legal holiday in this Court.  
See 
Tex. R. App. P. 4.1(a).

4:
Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007)